COPY

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

ROBERT W. TRUMBLE,
Trustee for the Bankruptcy Estate of
Mark Lowman, and

MARK LOWMAN,

        Plaintiffs,



3:8cv 99

vs.                          CIVIL ACTION NO.: 08-C- _106_ _Att #1_

FREMONT INVESTMENT & LOAN
a Subsidiary of Fremont General Corp,
and FREMONT GENERAL CORP.,

        Defendants

## COMPLAINT

NOW COMES your Plaintiff, Mark Lowman, by counsel, Aaron C. Amore and Kratovil
& Amore, PLLC, and avers and says:

### FACTS

1.    That the Plaintiff is a citizen and resident of Berkeley County, West Virginia.

2.    That the Plaintiff is a consumer as that term is identified in *W.Va. Code § 46A-2-122(a).*

3.    That the Defendant, Fremont Investment & Loan, (hereafter "Fremont") is a
subsidiary of Fremont General Corporation which does business in the State of West Virginia
with its principal place of business at Fremont Investment & Loan at Las Colinas Blvd, Suite
600, Irving TX 75039

1

4.   That the Defendant, Fremont General Corporation , (hereafter "Fremont General") doing business in the State of West Virginia with its principal place of business at Fremont General Corp, 2425 Olympic Blvd, 3rd Floor, Santa Monica, CA 90504.

5.   That Fremont is a debt collector as defined by *W.Va. Code §46A-2-122(d)*.

6.   That the actions of the Defendant alleged in this Complaint are debt collection as that term is defined in *W.Va. Code §46A-122( c )* and occurred in Berkeley County, West Virginia.

7.   That the debt alleged owed by the Plaintiff, Mark Lowman, is a claim as the term "claim" is defined in W.Va. Code §46A-2-122(b).

8.   That W.Va. Code §46A-3-112(1)(a) provides for a late fee of "Five percent of the unpaid amount of the installment, not to exceed fifteen dollars..."

9.   That the Defendant Fremont in or about October 2005 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

10.   That the Defendant Fremont in or about November 2005 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

11.   That the Defendant Fremont in or about December2005 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

12.   That the Defendant Fremont in or about January 2006 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

13.   That the Defendant Fremont in or about January 2006 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

14.   That the Defendant Fremont in or about May 2006 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

15.   That the Defendant Fremont in or about July 2006 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

16.   That the Defendant Fremont in or about July 2006 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

17.   That the Defendant Fremont in or about September 2006 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

18.   That the Defendant Fremont in or about October 2006 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

19.   That the Defendant Fremont in or about November 2006 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.15) Dollars and Fifteen Cents and a late fee chart and another charge of Seventy Eight ($78.16) Dollars and Sixteen Cents.

20.   That the Defendant Fremont in or about November 2006 did assess a non cash fee adjustment on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

21.   That the Defendant Fremont in or about January 2007 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

22.   That the Defendant Fremont in or about February 2007 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

23.   That the Defendant Fremont in or about March 2007 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

3

24.   That the Defendant Fremont in or about April 2007 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

25.   That the Defendant Fremont in or about May, 2007 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

26.   That the Defendant Fremont in or about June 2007 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

27.   That the Defendant Fremont in or about July 2007 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

28.   That the Defendant Fremont in or about August 2007 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

29.   That the Defendant Fremont in or about September 2007 did charge a late fee on the Plaintiff's mortgage loan in the amount of Seventy Eight ($78.16) Dollars and Sixteen Cents.

30.   That upon information and belief, Defendant Fremont continues to charge the Plaintiffs' account late fees in excess of the maximum amount provided by W.Va. Code §46A-3-112(1)(a).

### COUNT I

31.   Plaintiff hereby re-alleges the above stated paragraphs 1 through 30.

32.   That W.Va. Code §46A-3-112(1)(a) provides for a late fee of "Five percent of the unpaid amount of the installment, not to exceed fifteen dollars..."

WHEREFORE, your Plaintiff demands judgment against the Defendant as follows:

a)   Statutory damages adjusted for inflation of $4,205.72 for each violation.

b)   Actual damages of $10,000 for each incident.

4

c)  Cancellation of the debt as provided for in *West Virginia Code* § 46A-5-105.

d)  Attorney fees pursuant to *West Virginia Code* § 46A-5-104, as determined by the Court.

e)  An injunction, enjoining, prohibiting, and restraining the Defendant from contacting the Plaintiff, Mark Lowman, or a any member of his family, as long as they are represented by counsel and that counsel does not fail to answer correspondence, return phone calls, or discuss the obligation in question with the Defendant, or agrees to direct communication.

f)  An injunction, enjoining, prohibiting, and restraining the Defendant from engaging in any collection activities in Berkeley County, West Virginia, or the State of West Virginia, until they show to the satisfaction of the Court that they do not engage in prohibited collection practices in this County and State.

g)  An injunction, enjoining, prohibiting, and restraining the Defendant from reporting any negative credit report information during the pendency of this litigation.

## COUNT II

33.  Plaintiff hereby re-alleges the above stated paragraphs 1 through 32.

34.  That the actions of the representatives and agents of Defendant Fremont was in willful violation of the W.Va. Code §46A-3-112 and 46-A-5-105, since it represents a stated policy of the Defendant, Fremont and was carried out by its employees knowing that it violated the laws of the State of West Virginia and therefore requires that punitive damages be assessed against the Defendant.

**WHEREFORE,** your Plaintiff demands judgment against the Defendant as follows:

a)  Statutory damages adjusted for inflation of $4,205.72 for each violation.

b)  Actual damages of $10,000 for each incident.

c)  Cancellation of the debt as provided for in *West Virginia Code* § 46A-5-105.

5

     d)     Attorney fees pursuant to *West Virginia Code* § 46A-5-104, as determined
              by the Court.

**MARK LOWMAN,**
By counsel

_____
Aaron C. Amore, Esquire WVSB No. 6455
James T. Kratovil, Esquire WVSB No. 2103
Tanya L. Godfrey WVSB No. 7448
KRATOVIL & AMORE, PLLC
211 West Washington Street
Charles Town, WV 25414
304-728-7718

6